IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DEWITT L. DAILEY, JR.,

    Plaintiff,

v.                                                           Case No. 1:12-cv-35-SPM-GRJ

ARAMARK FOOD ENTERPRISES, et al,

    Defendants.

_____/

## O R D E R

Pending before the Court is Plaintiff's First Amended Complaint (Doc. 4), a motion for leave to proceed as a pauper (Doc. 5) and a motion for extension of time (Doc. 6).

Plaintiff was previously ordered to file an amended complaint on or before March 9, 2012. (Doc. 3.)  In his motion for extension of time, Plaintiff requests an extension of that deadline. (Doc. 6.)  Plaintiff already has filed his first amended complaint (Doc. 4) and, accordingly, his motion for extension of time is denied as moot.

Plaintiff's motion for leave to proceed in forma pauperis is deficient. Plaintiff has failed to sign the first page of the motion for leave to proceed as a pauper and also has failed to provide a complete financial certificate and inmate account statement in support of his motion for leave to proceed as a pauper. (Doc. 5.)  Plaintiff's attention is directed to paragraph 1 of the prisoner consent form and financial certificate, which provides "I must request an authorized official to complete the attached Financial Certificate and I must attach a print-out reflecting all transactions in my inmate bank account for the full six (6) month period of time preceding the filing of this complaint."

1

(Doc. 5 at 3.) Accordingly, Plaintiff will be instructed to amend his motion for leave to proceed as a pauper to properly fill out the Court's form.

Plaintiff has also filed a First Amended Complaint against a number of staff members at the Alachua County Jail as well as the food service provider at the Jail on the Court's civil rights complaint form for use by prisoners in actions under 42 U.S.C. § 1983. (Doc. 4.) Plaintiff alleges First and Fourteenth Amendment claims against the Defendants in his First Amended Complaint. As relief, Plaintiff requests that each Defendant should be prosecuted, and demands an award of damages against each Defendant. Because the Court will give Plaintiff the opportunity to amend his First Amended Complaint, the Court provides the following guidance.

In his First Amended Complaint, Plaintiff attempts to bring a Fourteenth Amendment claim alleging that the Defendants served him cabbage which made him sick, despite knowing Plaintiff is allergic to cabbage.

Because Plaintiff is a pretrial detainee, his claim is based upon an alleged violation of his rights under the Fourteenth Amendment to the Constitution. The standard for claims based on the lack of reasonably adequate food is the same under the Fourteenth or Eighth Amendment, but reference will be made to the Eighth Amendment because most cases have been decided under the Eighth Amendment. Hamm v. DeKalb County, 774 F.2d 1567, 1574 (11th Cir. 1985) Claims challenging conditions of confinement under the Eighth Amendment must demonstrate an infliction of pain "without any penological purpose" or an "unquestioned and serious deprivation of basic human needs" such as medical care, exercise, food, warmth, clothing, shelter, or safety. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hamm v. DeKalb County, 774 F.2d 1567, 1571-72 (11th Cir. 1985).

A two-part analysis governs Eighth Amendment challenges to conditions of

2

confinement. Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004). "First, under the 'objective component,' a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment." Hudson v. McMillian, 503 U.S. 1, 8 (1992).  The second part of the analysis requires prisoners to show that prison officials "acted with a sufficiently culpable state of mind" regarding the condition at issue.  Id. at 8.  In evaluating such claims, "[t]he proper standard is that of deliberate indifference." Chandler, 379 F.3d at 1289.

Where, as here, the claim is based upon the deprivation of food, such a claim can only constitute cruel and unusual punishment if the prisoner is denied "minimal civilized measure of life's necessities." Wilson v. Seiter, 501 U.S. 294, 303 (1991).  It is well-established that inmates must be provided nutritionally adequate food, "prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." Shrader v. White, 761 F.2d 975 (4th Cir. 1985) (quoting Ramos v. Lamm, 639 F.2d 559, 571 (10th Cir.1980)). The food in prison, however, need not be "tasty or aesthetically pleasing" but merely "adequate to maintain health." Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir.1996), amended by 135 F.3d 1318 (9th Cir. 1998); Hamm v. DeKalb County, 774 F.2d at 1575 (prisoners must be provided "reasonably adequate food.").

It does not appear Plaintiff can allege any facts which would establish a Fourteenth Amendment violation by the Defendants.  Even liberally construing Plaintiff's allegations Plaintiff has alleged only that he was occasionally given cabbage, a food to which he has an allergic reaction.  Notably, there are no allegations that the Plaintiff was not provided with other foods nor is there any allegations that Plaintiff has not been provided with sufficient food adequate to maintain health.  Accordingly, in amending his

First Amended Complaint, Plaintiff should delete his Fourteenth Amendment claim that his constitutional rights were violated because he was served a food to which he was allergic.

Plaintiff also alleges the Defendants deceitfully disconnected a phone call between Plaintiff and his aunt as well as intentionally blocked another telephone call Plaintiff attempted to place to his grandmother.  In general, unlimited communication between pretrial detainees and their family and friends is not required under the First Amendment.  Duran v. Elrod, 542 F.2d 998, 999-1001 (7th Cir. 1976).  Nevertheless, such detainees are entitled to reasonable use of the telephone at reasonable times without impermissible limitations.  Nicholson v. Choctaw County, Ala., 498 F. Supp. 295, 310 (S.D. Ala. 1980); O'Bryan v. Saginaw County, Mich., 437 F. Supp. 582 (E.D. Mich. 1977).  While Plaintiff alleges he was unable to communicate with family members on the telephone, he has failed to allege facts explaining how and in what manner he was denied reasonable use of the telephone at reasonable times. While it appears unlikely that Plaintiff will be able to allege a cognizable first amendment claim the Court will, nonetheless, give Plaintiff an opportunity to amend. In amending Plaintiff shall include sufficient facts to demonstrate how and when he was denied reasonable use of the telephone at reasonable times.

Turning to Plaintiff's requested relief, Plaintiff asks the Court to prosecute the Defendants for the alleged violations of his constitutional rights.  This Court has no authority to order the State Attorney's Office to prosecute an individual.  Jones v. Ruiz, No. A-08-CA-788-SS, 2011 WL 197872, at *7 (W.D. Tex. Jan. 19, 2011)("Nor does this Court have the power to order the criminal prosecution of Defendants.").  Accordingly, Plaintiff should delete this claim for relief when he amends his First Amended

Complaint.

With regard to the named Defendant, Plaintiff has named nine Defendants but has failed to describe the role played by each of the Defendants in the alleged deprivations of his federal constitutional rights.  To establish liability under 42 U.S.C. § 1983, Plaintiff must show an affirmative causal connection between each Defendant's conduct and the constitutional deprivation.  <u>Tittle v. Jefferson County Comm'n</u>, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).  Accordingly, Plaintiff should name as Defendants only those individuals who he believes deprived him of his federal constitutional rights.

To amend his First Amended Complaint, Plaintiff must fill out the civil rights complaint form, marking it "Second Amended Complaint."  Plaintiff is advised that the second amended complaint must contain all of Plaintiff's factual allegations set forth in separately numbered paragraphs and should not in any way refer to the original Complaint or the First Amended Complaint.

Accordingly, it is hereby **ORDERED**:

1. The **Clerk** is instructed to send the Plaintiff blank copies of the Court's form complaint for use by prisoners in actions under 42 U.S.C. § 1983 and a blank motion to proceed in forma pauperis for use by prisoners.  Plaintiff shall file a Second Amended Complaint, completing the complaint form in full, as well as a First Amended Motion to Proceed In Forma Pauperis.  Plaintiff shall file the Second Amended Complaint, with a service copy for each Defendant, and the First Amended Motion To Proceed In Forma Pauperis **on or before April 13, 2012.**

2. Plaintiff's motion for extension of time (Doc. 6) is **DENIED AS MOOT.**

3. Failure to comply with this Order as directed will result in a recommendation that this case be dismissed without further notice.

**DONE AND ORDERED** this 23rd day of March 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge