IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DEWITT L. DAILEY, JR.,

    Plaintiff,

v.     Case No. 1:12-cv-35-SPM-GRJ

ARAMARK FOOD ENTERPRISES,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner at the Alachua County jail proceeding *pro se*, has filed a Second Amended Complaint against Defendant, the food service provider at the Alachua County Jail. (Doc. 8.) Plaintiff filed his Second Amended Complaint on the Court's civil rights complaint form for use by prisoners in actions under 42 U.S.C. § 1983. (Doc. 8.) Plaintiff was granted leave to proceed as a pauper in this case by separate order. (Doc. 10.) For the reasons discussed below, it is respectfully **RECOMMENDED** that this cause be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires that the Court screen the Complaint under 28 U.S.C. § 1915. The screening process under 28 U.S.C. § 1915 applies to prisoner *pro se* litigants who, like Plaintiff, seek court permission to proceed *in forma pauperis*. "In order to authorize a litigant to proceed *in forma pauperis,* the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious." Dycus v. Astrue, No. CA 08-0727-KD-C, 2009 WL 47497, at *1 (S.D. Ala. Jan. 7, 2009).

An application to proceed *in forma pauperis* may be denied if the plaintiff either fails to satisfy the poverty requirement or if plaintiff's claim is frivolous. Martinez v. Kristi Kleaner's Inc., 364 F.3d 1305, 1306 (11th Cir. 2004).

Plaintiff filed his Complaint on the civil rights complaint form to be used by prisoners in actions under 42 U.S.C. § 1983. A successful section 1983 action requires a plaintiff to show he was deprived of a federal right by a person acting "under color of state law." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992)(citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)). A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state. Edwards v. Wallace Community College, 49 F.3d 1517, 1522 (11th Cir. 1995)(citing West v. Atkins, 487 U.S. 42, 48-50 (1988)). "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual." Id. at 1523 (citing Monroe v. Pape, 365 U.S. 167, 183-84 (1961)(*overruled on other grounds by* Monell v. Department of Social Servs., 436 U.S. 658 (1978))).

## DISCUSSION

In his Second Amended Complaint, Plaintiff alleges First and Fourteenth Amendment claims against the Defendant. Plaintiff claims he experienced pain in his groin and loose bowels after a number of meals at the Alachua County Jail (the "Jail"). Plaintiff alleges unnamed members of the kitchen staff at the Jail watched security footage to ascertain what foods Plaintiff does not eat and then deviated from the posted menu to serve Plaintiff food he does not eat. Plaintiff alleges he tried to send his meal trays back, but the officers at the Jail refused to give Plaintiff another tray. Plaintiff also alleges he has been having difficulties communicating with his family members. He alleges Jail staff have been prematurely disconnecting Plaintiff's calls to his family and

friends or else cutting off the phone entirely when Plaintiff attempts to use the phone. As relief, Plaintiff requests an award of damages against the Defendant.

### A.     Plaintiff's Fourteenth Amendment Claim

Because Plaintiff is a pretrial detainee, his claim regarding his food trays is based upon an alleged violation of his rights under the Fourteenth Amendment to the Constitution.  The standard for claims based on the lack of reasonably adequate food is the same under the Fourteenth or Eighth Amendment, but reference will be made to the Eighth Amendment because most cases have been decided under the Eighth Amendment.  Hamm v. DeKalb County, 774 F.2d 1567, 1574 (11th Cir. 1985).  Claims challenging conditions of confinement under the Eighth Amendment must demonstrate an infliction of pain "without any penological purpose" or an "unquestioned and serious deprivation of basic human needs" such as medical care, exercise, food, warmth, clothing, shelter, or safety.  Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hamm v. DeKalb County, 774 F.2d 1567, 1571-72 (11th Cir. 1985).

A two-part analysis governs Eighth Amendment challenges to conditions of confinement. Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004). "First, under the 'objective component,' a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment." Hudson v. McMillian, 503 U.S. 1, 8 (1992).  The second part of the analysis requires prisoners to show that prison officials "acted with a sufficiently culpable state of mind" regarding the condition at issue.  Id. at 8.  In evaluating such claims, "[t]he proper standard is that of deliberate indifference." Chandler, 379 F.3d at 1289.

Where, as here, the claim is based upon the deprivation of food, such a claim can only constitute cruel and unusual punishment if the prisoner is denied "minimal civilized measure of life's necessities." Wilson v. Seiter, 501 U.S. 294, 303 (1991).  It is

well-established that inmates must be provided nutritionally adequate food, "prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." Shrader v. White, 761 F.2d 975 (4th Cir. 1985) (quoting Ramos v. Lamm, 639 F.2d 559, 571 (10th Cir.1980)). The food in prison, however, need not be "tasty or aesthetically pleasing" but merely "adequate to maintain health." Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir.1996), amended by 135 F.3d 1318 (9th Cir. 1998); Hamm v. DeKalb County, 774 F.2d at 1575 (prisoners must be provided "reasonably adequate food.").

Despite having been given an opportunity to amend his complaint Plaintiff has not alleged any facts which would establish a Fourteenth Amendment violation by the Defendant. Even liberally construing Plaintiff's allegations Plaintiff has alleged only that he was forced to reject trays containing foods he cannot or will not eat. Plaintiff has not provided any details regarding the foods he contends he cannot eat or how often he is forced to refuse his tray. Most importantly, Plaintiff has not alleged that he was not provided with other foods nor are there any allegations that Plaintiff has not been provided with sufficient food adequate to maintain health. Accordingly, the Court concludes that even liberally construing the allegations in the Complaint Plaintiff's Second Amended Complaint fails to allege facts that would support a claim for violation of Plaintiff's Fourteenth Amendment rights.

The Court also concludes that affording Plaintiff with another opportunity to amend his complaint to provide more detail would be futile, as the Court has given Plaintiff two prior opportunities to amend his complaint and each time that Plaintiff has amended his complaint his claim has become more vague.

B.   **Plaintiff's First Amendment Claim**

Plaintiff also alleges the Defendants have disconnected phone calls between

Plaintiff and his friends and family as well as intentionally blocked other telephone calls Plaintiff attempted to place. In general, unlimited communication between pretrial detainees and their family and friends is not required under the First Amendment. Duran v. Elrod, 542 F.2d 998, 999-1001 (7th Cir. 1976). Nevertheless, such detainees are entitled to reasonable use of the telephone at reasonable times without impermissible limitations. Nicholson v. Choctaw County, Ala., 498 F. Supp. 295, 310 (S.D. Ala. 1980); O'Bryan v. Saginaw County, Mich., 437 F. Supp. 582 (E.D. Mich. 1977). While Plaintiff alleges he was unable to communicate with family members and friends on the telephone, he has failed to allege facts explaining how and in what manner he was denied reasonable use of the telephone at reasonable times. More importantly, there are no allegations whatsoever connecting Defendant, the food service provider at the Jail, with the alleged interference with Plaintiff's use of the telephone. Accordingly, Plaintiff's First Amendment claim should also be dismissed.

### C. Improper Defendant

This case should also be dismissed because Plaintiff has not provided any allegations tying the single named Defendant to the alleged deprivations of Plaintiff's constitutional rights. A private corporation like Defendant can be held liable under section 1983 "where a function which is traditionally the exclusive prerogative of the state (or here, county) is performed by a private entity." Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985). In order to establish that Defendant is directly liable for the alleged constitutional violation, Plaintiff "must provide evidence that there was a relevant policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." Natale v. Camden County Corr. Facility, 318 F.3d 575, 584 (3d Cir.2003) (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot

be held liable for the acts of its employees and agents under those theories); see also Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir.1993) (no § 1983 liability for corporation acting under color of state law unless unconstitutional conduct resulted from corporation policy or custom, and corporation cannot be held liable under § 1983 on theory of respondeat superior).

The Second Amended Complaint fails to allege an unconstitutional policy, or a series of events from which this Court could infer the existence of a policy that resulted in a constitutional violation.  Plaintiff has not included a single detail alleging it was Aramark policy to deny him meals or serve him foods he cannot eat.  He mentions staff members at the Jail watched him on security cameras and then served him foods he could not eat.  However, Plaintiff has not included any allegations with respect to whether those staff members were jail employees or Defendant's employees or, whether there was indeed a policy of serving Plaintiff food he could not eat. Simply put, Plaintiff failed to provide any allegations linking the single named Defendant – a food service company -- to the alleged deprivation of Plaintiff's First Amendment rights.

Accordingly, this case should also be dismissed because Plaintiff has not included sufficient allegations tying Defendant to any of the alleged deprivations of Plaintiff's constitutional rights to a policy formulated by the named Defendant.

## CONCLUSION

Based on the foregoing, it is respectfully **RECOMMENDED** that this case be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

**IN CHAMBERS**, at Gainesville, Florida, this 23rd day of May 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.